Larry G. Browning, Abingdon, Va., for plaintiff.

Robert R. WHITT

v.

David MATHEWS, Secretary of Health, Education and Welfare.

Civ. A. No. 76–0338.

United States District Court,
W. D. Virginia,
Abingdon Division.

Oct. 4, 1976.

## OPINION AND JUDGMENT

TURK, Chief Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health, Education and Welfare denying his claim for "black lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* Jurisdiction of this court is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The only issue to be decided by this court is whether the Secretary's final decision is supported by "substantial evidence", and if it is, this court must affirm.

 The plaintiff, Robert R. Whitt, was born on February 2, 1920 and subsequently completed the sixth grade in school. Mr. Whitt went to work in the Nation's coal

mines in 1937. He last worked as a miner in March of 1973. The evidence reveals that plaintiff worked approximately thirty years as a coal mining employee. After his mining retirement, Mr. Whitt worked for short periods in several light jobs until his final retirement in 1974. While employed as a miner, Mr. Whitt worked primarily as a coal shooter, motorman, and coal driller. Such work involved exposure to significant quantities of coal and rock dust. As a result of this exposure, plaintiff now alleges that he had developed a breathing impairment of a severity sufficient to entitle him to "black lung" benefits under the Act.

The medical evidence developed in this case includes roentgenographic (x-ray) interpretations, pulmonary function study results, and reports from several general medical evaluations. The earliest evidence of record consists of an x-ray interpretation by Dr. J. P. Sutherland for film dated January 24, 1972. Dr. Sutherland read the film as positive for emphysema, heart enlargement, scarring in each hilus, arteriosclerosis of the aorta, and pneumoconiosis, 3/2 q. Dr. Ralph Abernathy completed a ventilatory study on July 20, 1972. Before administration of bronchodilator, plaintiff's MVV and $FEV_1$ stood above the values required for the presumption of totally disabling pneumoconiosis under 20 C.F.R. § 410.-490(b)(1)(ii). However, after bronchodilator, Mr. Whitt's MVV fell below the appropriate standard under § 410.490(b)(1)(ii) while $FEV_1$ was measured as substantially above the corresponding criterion. Since both MVV and $FEV_1$ must meet the values established under § 410.490(b)(1)(ii), Mr. Whitt is not entitled to the presumption of totally disabling pneumoconiosis provided by that section.

Dr. Philip Whittlesey described chest film of December 4, 1972 as unreadable. Film dated May 1, 1973 was read as totally negative by Dr. J. W. Proffitt. Dr. R. O. Pruett conducted a general medical evaluation on May 11, 1975. By way of history, Dr. Pruett described plaintiff's shortness of breath, dyspnea, and cough productive of phlegm. However, physical observation proved relatively unremarkable. Dr. Pruett diagnosed hypertension and silicosis by x-ray. The doctor opined that Mr. Whitt is "totally disabled to work in mines due to marked dyspnea on slight exertion." (TR 97). Plaintiff was examined at a Veterans Administration Hospital in May of 1973. Plaintiff's symptoms included shortness of breath on slight exertion. However, physical examination revealed lungs to be clear. Several x-ray reports were also negative. Pulmonary function studies revealed minimal obstructive defect. However, the ventilatory study was reported in values not amenable to consideration under 20 C.F.R. § 410.409(b)(1)(ii).

Dr. J. P. Sutherland read x-ray film of June 12, 1975 as positive for emphysema, scarring in each hilus, heart enlargement, arteriosclerosis of the aorta, and pneumoconiosis, category 3/2 q. Dr. Richard S. Buddington completed a blood gas study on July 10, 1975. While Dr. Buddington described the testing results as indicative of hyperventilation and hypoxemia, the values are not suggestive of disability as described under the Appendix to Subpart D of the Administrative Regulation No. 10.

In addition to the medical evidence, Mr. Whitt presented his own testimony in support of his claim. Mr. Whitt testified that he left coal mining employment because of breathing problems. His complaints include shortness of breath, chest pain, and a cough productive of phlegm. He first noted breathing difficulty in 1969. Plaintiff sometimes experiences smothering. At the time of the administrative hearing on November 19, 1975, Mr. Whitt related that he was under medication for his breathing condition. While he described dizzy spells, Mr. Whitt had never blacked out. He noted that he could walk only at a slow pace. He is unable to climb hills. Mr. Whitt is no longer able to hunt, fish, or do heavy work. He has difficulty sleeping because of breathing problems.

In an opinion which stands as the final decision by the Secretary, an Administrative Law Judge denied Mr. Whitt's entitlement to benefits. The Law Judge con-

sidered all the evidence of record and concluded that Mr. Whitt was not disabled due to pneumoconiosis, actual or presumed.

Pursuant to statutory authority, the Secretary has prescribed several standards for determining whether a living miner is totally disabled due to pneumoconiosis. The applicable criteria for such a case include: 20 C.F.R. §§ 410.414, 410.416, 410.418, 410.422, 410.424, 410.426, 410.428, and 410.490. The court has determined that none of these standards has been met.

As previously noted, the only acceptable ventilatory study failed to qualify Mr. Whitt for the presumption of totally disabling pneumoconiosis under § 410.-490(b)(1)(ii). Furthermore, the x-ray evidence is much less than conclusive and thus insufficient to support application of the presumption of § 410.490(b)(1)(i). Similarly, the objective criteria of §§ 410.418, 410.-424, 410.426(b), and 410.428 are also inapplicable. Nevertheless, Mr. Whitt's many years in the mines qualify him for consideration under § 410.414(b), which incorporates by reference § 410.426. However, while the evidence does suggest the existence of some respiratory dysfunction, there is only minimal evidence that such impairment is of "chronic" proportions as required under § 410.414(b). Dr. Pruett was the only doctor to diagnose chronic impairment. However, his finding of silicosis was based on x-ray readings. As previously noted, the x-ray record is less than conclusive. Moreover, the ventilatory study and blood gas test weigh against a finding of severe impairment. Most importantly, there is insufficient evidence establishing disability that results *primarily* from pneumoconiosis, as required under § 410.426(a).

In such a proceeding, this court is limited to a "substantial evidence" determination. *Laws v. Celebreeze*, 368 F.2d 640 (4th Cir., 1966). The court is constrained to conclude that the Secretary's final decision is supported by "substantial evidence" and must be affirmed.

The clerk is directed to send certified copies of this opinion and judgment to the counsel of record.